EDWARD L. ESCHER, Respondent, v. BUFFALO AND LAKE ERIE TRACTION COMPANY, Appellant.

Street railroads — negligence — extent of duty to exercise care in operation of electric cars when vehicles were compelled to drive upon tracks by repairs to highway — contributory negligence of driver of vehicle.

1. Where a highway was for some distance in such condition by reason of construction and repairs thereon that a portion of it was quite impassable for public travel, an electric railroad having its tracks upon the highway was, in view of its knowledge of the facts, obligated to run its cars with more care than otherwise would have been required, so as to avoid a collision with vehicles moving upon its tracks.

2. Where the driver of a vehicle was proceeding along the railroad tracks under these circumstances in an opposite direction from that in which a car was coming and could have seen the headlight of the car coming toward him for a distance of 1,500 feet and had opportunity to drive off the track in time to avoid a collision, he was obligated to look out for his own safety and he cannot as matter of law recover although the railroad company may have been negligent in the operation of its car.

*Escher* v. *Buffalo & Lake Erie Traction Co.*, 162 App. Div. 923, reversed.

(Argued February 7, 1917; decided February 27, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 11, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Lyman M. Bass* and *Thomas R. Wheeler* for appellant. The plaintiff was guilty of contributory negligence as a matter of law. (*Donnelly* v. *B. C. R. R. Co.*, 109 N. Y. 16; *Paladino* v. *S. I. Ry. Co.*, 127 App. Div. 183; *Johnson* v. *B. H. R. R. Co.*, 34 App. Div. 271; *Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *Bang* v. *N. Y. & Q. C. R. R. Co.*, 113 App. Div. 673; *Wahler* v. *L. I. R. Co.*, 137 App. Div. 17; *Keller* v. *Erie Railroad Co.*, 183 N. Y. 67; *Fiddler* v. *N. Y. C. & H. R. R. R. Co.*, 64 App. Div. 95; *McClain* v. *Brooklyn City R. R. Co.*, 116 N. Y. 459; *Geleta* v. *B. & N. F. Ry. Co.*, 88 App. Div. 372; 181 N. Y. 524.) The defendant was guilty of no negligence. (*Orafina* v. *N. Y. S. Rys. Co.*, 148 App. Div. 417; *Kozlowski* v. *Rochester, S. & E. R. R. Co.*, 142 App. Div. 245; *Albrecht* v. *R., S. & E. R. R. Co.*, 205 N. Y. 230; *Hunt* v. *Fitchburg R. R. Co.*, 22 App. Div. 212; *Phelps* v. *Erie R. R. Co.*, 134 App. Div. 729; *Nardi* v. *R. L. & I. R. R. Co.*, 153 App. Div. 388; *Thompson* v. *Met. R. Co.*, 89 App. Div. 10; *Kerin* v. *U. Traction Co.*, 117 App. Div. 314; *Stableman* v. *A. A. R. R. Co.*, 155 N. Y. 511; *White* v. *Albany Ry. Co.*, 35 App. Div. 23; *Suse* v. *Met. S. R. Co.*, 80 App. Div. 24.)

*Alfred Becker* and *Frank A. Abbott* for respondent. The plaintiff was not guilty of contributory negligence in his use of the defendant's south-bound track at the time of the accident. (*Miller* v. *B. & L. E. Traction Co.*, 149 App. Div. 396; *Donnelly* v. *B. C. R. R. Co.*, 109 N. Y. 16.) The defendant was guilty of negligence in operating its car at the speed indicated by the proof in this

case. (*Stewart* v. *L. I. R. R. Co.*, 54 App. Div. 623;
*Place* v. *N. Y. C. & H. R. R. R. Co.*, 167 N. Y. 345.)

McLAUGHLIN, J.   This action was brought to recover
damages for an injury to the plaintiff's person and prop-
erty alleged to have been caused by the negligence of the
defendant.   The plaintiff had a verdict, and from the
judgment entered thereon defendant appealed to the
Appellate Division, fourth department, where the judg-
ment, by divided court, was affirmed, and from which
this appeal is taken.

The validity of the judgment is challenged upon the
grounds that the trial court erred in not holding, as mat-
ter of law, (a) that the negligence of the defendant was
not established; and (b) that the plaintiff was guilty of
contributory negligence.   A proper disposition of the
questions thus presented necessitates a statement of the
facts involved in, or connected with, the accident.

The defendant operates a double-track electric rail-
road extending in a northerly and southerly direction
between the city of Buffalo (on a highway known as the
Turnpike, over what is termed in the record Rush creek
bridge) and the city of Dunkirk.   About two o'clock in
the morning of the 8th of July, 1910, the plaintiff was
driving a one-horse truck, loaded with farm produce,
towards the city of Buffalo.   When a few feet north of
Rush creek bridge he was struck by one of defendant's
cars going in a southerly direction and sustained the
injuries for which the recovery was had.   Just prior to
the collision plaintiff's witness Smith was about 20 to 40
feet in front of him, driving a somewhat similar truck on
the tracks, and his witness Welstead was between 600
and 700 feet south, also driving on the same track.   The
location where the accident occurred was in a sparsely-
settled district, where the car in question did not stop.
Immediately prior to the accident the car was running
about 30 miles an hour.   It was well lighted and the

headlight could be seen upwards of 1,500 feet from the bridge and the circle or area of light thrown out by the reflection from 40 to 50 feet in circumference could be seen much further.    Fifteen hundred feet north of Rush creek bridge the elevation of defendant's tracks was about 8½ feet higher than that at the bridge.    Several hundred feet north of the bridge the whistle on the car was blown; the car slowed down; Smith and Welstead drove off the track; the motorman then accelerated the speed of the car, and the plaintiff attempted to leave the track, but before he finally cleared it the collision occurred.    No scheduled cars were run over these tracks between midnight and morning, but defendant did run an express car from the city of Buffalo to the city of Dunkirk every day. This car — and the one in question was an express car — left on no scheduled time, but might leave the city at any time between midnight and four o'clock in the morning and be expected at the place where the accident occurred at any time between those hours.    The plaintiff had full knowledge of this fact and also knew that the westerly portion of the highway, for a considerable distance north and south of the bridge, was being repaired or reconstructed by the state of New York; that it had been excavated to a depth of several inches and obstructed in places by sand, crushed stone and cement piled thereon, making much of it quite impassable for public travel.    The defendant knew that by reason of the condition of the westerly portion of the highway persons taking produce to the city of Buffalo in the night time were accustomed to be upon its tracks and were liable to be met at any time.

As to the negligence of the defendant the learned trial justice was of the opinion that a question of fact was presented as to whether the motorman ought not to have anticipated before accelerating the speed of the car that another truck might be upon the track immediately behind Smith.    I think this did present a question of fact.    Taking into consideration the situation and defend-

1917.]          Opinion, per McLAUGHLIN, J.          [220 N. Y.]

ant's knowledge I think it was obligated to operate its cars with more care than otherwise would have been required. It is true it had the paramount right of way; but even so, in view of its knowledge of the condition of the highway and that third parties by reason thereof were using its tracks, it was bound to use at least ordinary care in operating its cars so that they would not be injured. Therefore, when the motorman saw Smith upon the track, blew the whistle and slowed down the car to permit him to get to a place of safety, it was for the jury to say whether he ought not before accelerating the speed of the car to have ascertained if there were another upon the track immediately behind Smith. Had the motorman done this the jury might have found that he would have seen the plaintiff and the accident been avoided. My conclusion, therefore, is, upon this branch of the case, that there was sufficient evidence to go to the jury and the trial court was right in not disturbing its verdict.

As to the contributory negligence of the plaintiff, a different question was presented. He was as much obligated to look out for his own safety as was the defendant. He was familiar with the situation. He knew when at Rush creek bridge that a car was liable to be encountered at any time; that he could leave the tracks at the bridge in safety, and if he did not do so he could not for some time thereafter. He testified that he thought he could get to Woodlawn — quite a distance from the bridge — before he would meet the car. This was a chance, having due regard for his own safety, that he ought not to have taken. Not only this, but had he exercised any care at all when at this point he would have ascertained that the car was approaching and he could have then driven from the tracks and reached a place of safety. That he did not exercise the care required is obvious. When he was on the bridge he could have seen the light on the car when it was 1,800 feet away. It was

visible all the time thereafter until the collision occurred. Smith saw the light when it was several hundred feet away.    He heard the whistle giving warning of the car's approach in time to leave the tracks and plaintiff was further from the car and had more time to leave the tracks than Smith had.    His only explanation of why he did not do so was that his horse was slower than Smith's; that one of the wheels of his truck slid along the rail, which impeded his progress; and that Smith's truck interfered with his seeing the light on the car.    Welstead, who, as indicated, was several hundred feet south of the bridge, saw the light on the car and left the track about the same time as Smith.    The conclusion is irresistible that had the plaintiff looked when he was at the bridge he would have seen the car approaching and could then have driven off the track in safety.    This conclusion is not answered by the testimony of the plaintiff to the effect that he looked and did not see the light on the car.    If he looked he must have seen it and his statement in that respect is incredible as matter of law.    (*Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1.)    If he did not look, then his own negligence contributed to the injury.    He went upon the track knowing that a car was liable to be met at any time.    Had he exercised the care imposed upon him he would have seen the car in time to have prevented being injured by it.    He could not, therefore, as matter of law, recover, although the defendant may also have been negligent in the operation of the car.    (*Donnelly* v. *Brooklyn City R. R. Co.*, 109 N. Y. 16.)

The judgment appealed from, therefore, should be reversed and a new trial granted, with costs to appellant to abide event.

Hiscock, Ch. J., Collin, Cardozo and Andrews, JJ., concur; Chase and Pound, JJ., dissent.

Judgment reversed, etc.