CHARLES WIRTH, Appellant, *v.* BURNS BROS., Respondent.

**Negligence — motor vehicles — evidence — pedestrian struck by backing truck while crossing a street — when dismissal of complaint, on theory that plaintiff's testimony was incredible, is erroneous.**

Where, in an action for injuries caused by being struck by an automobile while crossing a street, plaintiff testified that he looked north and south before crossing, that the street was clear and that after he had started to cross he was struck and injured by a truck headed north, but backing from the south, without giving any warning signals, so that plaintiff neither saw nor heard it, such testimony permits an inference of negligence on the part of the driver and is not so incredible that it should be held, as a matter of law, that plaintiff was guilty of contributory negligence. Hence a judgment of nonsuit, entered upon the dismissal of the complaint, must be reversed.

*Wirth* v. *Burns Bros.*, 186 App. Div. 892, reversed.

(Argued April 29, 1920; decided June 1, 1920.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 6, 1918, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Sidney L. Teven* for appellant. The dismissal of the complaint at the close of plaintiff's case was error. (*Biondolillo* v. *Erie R. Co.*, 215 N. Y. 330; *Higgins* v. *Eagleton*, 155 N. Y. 466; *Knapp* v. *Barrett*, 216 N. Y. 226; *Greany* v. *Long Island R. Co.*, 101 N. Y. 419, 423; *Smith* v. *N. Y. C. & H. R. R. R. Co.*, 177 N. Y. 224; *Kettle* v. *Turl*, 162 N. Y. 255; *Hickman* v. *Schimper & Co.*, 125 App. Div. 216.)

*Lyman A. Spalding* and *Louis H. Moos* for respondent. No actionable negligence on the part of the defendant is disclosed by the record. (*Gerber* v. *Boorstein*, 113

App. Div. 808; *Ruppert* v. *B. H. R. R. Co.*, 154 N. Y. 90; *Cadwell* v. *Arnheim*, 152 N. Y. 182; *Leinkauf* v. *Lombard*, 137 N. Y. 417; *People* v. *Galbo*, 218 N. Y. 283; *Laidlaw* v. *Sage*, 158 N. Y. 73; *Travell* v. *Bannerman*, 174 N. Y. 47.) The plaintiff was guilty of contributory negligence. (*McKinley* v. *M. S. Ry. Co.*, 91 App. Div. 153.) The story of the plaintiff and his witness is incredible as a matter of law. (*Escher* v. *B. & L. E. Traction Co.*, 220 N. Y. 243; *Dolfini* v. *Erie Ry. Co.*, 178 N. Y. 4; *Woodward* v. *N. Y., L. E. & W. R. R. Co.*, 106 N. Y. 369; *E. R. R. Co.* v. *Hurlbert*, 221 Fed. Rep. 376; *Dulfer* v. *B. H. R. R. Co.*, 115 App. Div. 670.)

ANDREWS, J. Walking easterly on the north side of Seventeenth street about half-past two of a clear afternoon, the plaintiff reached Second avenue. Wishing to cross he stood at the curb and looked to the north from which direction vehicles might be expected to come, and to the south. From the north an electric car and an automobile were approaching. Otherwise the avenue was clear. He waited until the automobile had passed and until the car was passing. Then looking again and seeing nothing he started to cross the avenue. He had gone about ten feet at a moderate gait when he was struck and injured by the left rear wheel of a coal truck backing from the south. At the time it struck him this truck was headed north and south. The pavement was asphalt. The plaintiff heard nothing and no warning signal was given. Where the truck came from, how fast it was moving, why it was backing northerly does not appear. Had a nonsuit not been granted a more full description of the accident might have been before us, but as the case stands the dismissal of the complaint was not justified.

Backing over a crossing without warning, moving in a direction contrary to the general traffic, striking a pedestrian who was walking at an ordinary speed ten feet from the curb, in clear daylight, at least permits an inference

of negligence on the part of the driver. As for the plaintiff, unless his story is incredible, we cannot say, as a matter of law, that he was guilty of contributory negligence. Reaching the curb he looked both ways. He waited for vehicles coming from the north to pass. The avenue was then clear. He walked forward at an ordinary speed. He heard no sound. He was struck on the right side by a truck coming between him and the curb behind him. His theory is that it must necessarily have backed out of Seventeenth street around the corner and up the avenue so that it might straighten out to proceed southerly on the right of the roadway. Had it backed up the avenue he would have seen it. He does not claim that he in fact noticed it as he came along Seventeenth street, but then his attention would naturally be fixed on the crossing in front. He might reasonably expect interruption only from the north. A vehicle coming out of Seventeenth street behind him would not endanger him if it complied with the ordinance of the city (Ch. 24, art. 2, sec. 11), of which we may take judicial notice. (L. 1917, ch. 382.) On the other hand, it is said that the plaintiff must be charged with seeing what he should have seen. There is no proof as to the direction in which the truck came and it is physically impossible that when the plaintiff started to cross it was so far away that the threatened danger was not apparent. It must have been south of the crossing. It must have been close by. It must have been in motion. We do not think any of these conclusions inevitable. If the plaintiff were walking at three miles an hour it would take over two seconds to go from the curb to the point where the plaintiff was struck. In these two seconds a body moving at ten miles an hour would pass over some thirty feet; if at fifteen miles an hour, some forty-four feet. There is nothing impossible in his story, therefore, that he saw nothing moving toward him on the avenue from the south.

The judgments appealed from should be reversed and a new trial granted, with costs to abide the event.

McLAUGHLIN, J. (dissenting). I dissent. The plaintiff's story that he looked before attempting to cross Second avenue and did not see the automobile which struck him is incredible as matter of law. (*Escher* v. *Buffalo & Lake Erie Traction Co.*, 220 N. Y. 243; *Weigand* v. *United Traction Co.*, 221 N. Y. 39.) If he had looked he must have seen the automobile and if he did not look then he was guilty of contributory negligence.

No evidence was offered to show where the truck came from, how fast it was moving when the plaintiff was struck, or why it was backing. When it came to a stop it was facing southerly, about midway between the curb and the westerly rail of the car track. While no evidence was given as to how fast the truck was moving, it can fairly be inferred it was moving very slowly from the fact that it only ran between three and four feet after it struck the plaintiff, and came to a dead stop without running over his foot. No evidence whatever was offered to show that it came from Seventeenth street, and if it did, then the plaintiff, had he looked, would have seen it before stepping from the curb. When the truck proceeded after the accident it turned into Seventeenth street and went westerly. This destroys any inference that might be indulged in that it backed out of Seventeenth street.

The jury, had the case been submitted to it, could not have rendered a verdict in favor of the plaintiff, unless the same were based, not on evidence, but on a mere conjecture. Property cannot be taken from one person and given to another by the verdict of a jury unless there is some evidence to sustain the verdict.

The mere fact that the automobile was backing did not show that its driver was negligent. At times and under certain conditions, where traffic is as congested as it is in the city of New York, it may be absolutely necessary

for vehicles to back, and that fact, unexplained, does not establish that it was a negligent act to do so.    If it could be said that the driver of the automobile were negligent in backing his car, then it could equally as well be said that the plaintiff himself was guilty of contributory negligence in attempting to cross the avenue immediately in the rear of it.

I am of the opinion the complaint was properly dismissed and that the judgment appealed from should be affirmed, with costs to the respondent.

Hiscock, Ch. J., Hogan and Elkus, JJ., concur with Andrews, J.; Collin, J., concurs with McLaughlin, J.; Pound, J., not voting.

Judgments reversed, etc.