SCHULTZ v. FROST.

1. AUTOMOBILES—PEDESTRIANS—TAXICABS—NEGLIGENCE OF DRIVER IMPUTED TO OWNER.

In pedestrian's action against taxicab driver and owner in which jury found driver negligent and gave verdict for plaintiff against owner only, his claim that verdict was error because it was the result of a compromise *held*, untenable since the driver's negligence is imputed to the owner of the vehicle.

2. APPEAL AND ERROR—VERDICT AGAINST ONLY ONE OF SEVERAL DEFENDANTS—QUESTIONS REVIEWABLE—CROSS-APPEAL.

In pedestrian's action against taxicab driver and owner in which jury gave verdict only against owner, plaintiff was the only one who could complain of jury's failure to render verdict against driver, and where plaintiff had not filed cross appeal, Supreme Court would not alter judgment entered.

3. AUTOMOBILES — PEDESTRIANS — CONTRIBUTORY NEGLIGENCE — EVIDENCE—CROSSWALK—SIGNAL LIGHTS—TAXICABS.

On defendant's appeal in pedestrian's action for injuries sustained when taxicab backed up at crosswalk, where view of testimony most favorable to plaintiff permitted finding that she started to cross street with signal light in her favor, jury could disbelieve conflicting proofs of defendant and find plaintiff not guilty of contributory negligence.

Appeal from Wayne; Landers (Thomas J.), J., presiding. Submitted June 5, 1940. (Docket No. 32, Calendar No. 41,105.) Decided September 6, 1940.

Case by Elizabeth Schultz against Henry Frost, Horace Cornell, and Checker Cab Company, a Michigan corporation, for damages for personal injuries sustained when struck by a taxicab. Directed verdict for defendant Checker Cab Company. Verdict and judgment for plaintiff against defendant Cornell. Defendants' Frost and Cornell appeal. Affirmed.

Function of court and jury on question of contributory negligence, see 2 Restatement, Torts, § 476.

*Fischer & Fischer,* for plaintiff.

*Edward N. Barnard,* for defendants.

Butzel, J. Plaintiff recovered judgment in the court below for damages arising out of an accident which occurred at Washington boulevard and Grand River avenue in the city of Detroit. At this location, Washington boulevard runs north and south and Grand River avenue east and west. Plaintiff testified that she was on the southwest corner facing Washington boulevard, and, after waiting for the signal to change in her favor, she stepped down into the street and walked about four feet when she heard the scream of a bystander, turned back, and then saw a taxicab backing toward her. She stepped back two or three feet toward the sidewalk, but was struck by the cab which was owned by defendant Cornell and was driven by defendant Frost. The driver testified that he had been parked at a cab station near the Book Cadillac Hotel, a few blocks away from the scene of the mishap, and that upon receiving a call to pick up passengers near the southwest corner of Washington boulevard and Grand River avenue, he rounded the boulevard and pulled up at the corner. He had to back up to park, but he testified that before backing, he looked through the window for cars, glanced at the rear vision mirror, and sounded his horn. He says that he did not back more than 5 or 10 feet, and at a speed not over 4 to 5 miles per hour. Further contradicting plaintiff's version of the event, there was other testimony tending to show that plaintiff was not at the corner crosswalk, but was some 15 feet therefrom, and that she had only taken her second step into the street when the contact between the car and her person took place. The case was submitted to the jury who found for plaintiff. The verdict is challenged as being a compromise ver-

dict, and as being against the great weight of the evidence.

The record shows that the following transpired when the jury returned from their deliberations:

"*Jury Foreman:* The jury has found that the taxicab driver is guilty of negligence and have rendered a verdict of $1,000 to Mrs. Elizabeth Schultz against the owner of the taxicab.

"*The Court:* What was the last part of your statement?

"*The Foreman:* We found a verdict of $1,000 to Mrs. Elizabeth Schultz against the owner of the taxicab."

The judgment entered found the defendants guilty as complained against and damages were assessed against the defendant owner of the cab; it was silent as to the driver. An objection to the return of the verdict was timely made on behalf of the owner. He complains that a verdict in favor of the driver and against the owner was the result of a compromise and cannot stand where the liability of the master is based on the theory of *respondeat superior* (see *Mims* v. *Bennett,* 160 S. C. 39 [158 S. E. 124, 78 A. L. R. 360] ; *Louisville & N. R. Co.* v. *Maddox,* 236 Ala. 594 [183 South. 849, 118 A. L. R. 1318] ; annotations in 9 L. R. A. [N. S.] 880, 30 L. R. A. [N. S.] 404, and L. R. A. 1917 E, 1029). The principle is inapplicable in the case before us, for the verdict expressly found the driver negligent, and his negligence is imputed to the employer or owner of the vehicle (*Hekman Biscuit Co., for the use and benefit of Royal Indemnity Co.,* v. *Commercial Credit Co.,* 291 Mich. 156). The entry of judgment against only the owner of the cab is an error of which the plaintiff alone may complain. Since plaintiff has not filed a cross-appeal, we will not on this ground alter the judgment entered. *Melvindale State Bank* v. *Eckfeld,* 283 Mich. 179.

The question of contributory negligence was preeminently a question for the determination of the jury. Adopting that view of the testimony most favorable to plaintiff, if she were standing at the crosswalk and started out with the signal in her favor after determining that she could cross in safety, and had no warning except the scream of a bystander after she was in a position of peril, the jury could properly disbelieve the conflicting proofs of defendant and find plaintiff not guilty of contributory negligence. See *Wirth* v. *Burns Bros.*, 229 N. Y. 148 (128 N. E. 111); also annotation on liability for damage or injury while automobile is being backed, 67 A. L. R. 647.

The judgment is affirmed. Costs to plaintiff.

Bushnell, C. J., and Sharpe, Chandler, North, McAllister, and Wiest, JJ., concurred. The late Justice Potter took no part in this decision.