Gaskill et al. *v.* Melella, Appellant.

Argued October 3, 1940.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, PARKER, RHODES and HIRT, JJ.

*Todd Daniel,* with him *Henry Temin,* for appellant.

*J. Kennard Weaver,* for appellee.

OPINION BY HIRT, J., February 28, 1941:
This action grew out of the collision of two auto-

mobiles in the early evening of October 9, 1938. Defendant maintains that as to John J. Moran, he is entitled to judgment notwithstanding the verdict in favor of that plaintiff. We are unable to find merit in either of defendant's contentions, that he was not negligent and that this plaintiff is chargeable with contributory negligence.

In the light of the verdict we have no difficulty in finding the following facts established by the testimony: Immediately before the collision, defendant's car was parked on the west side of Twenty-third Street in Philadelphia just south of the intersection of that street with Allegheny Avenue. Plaintiff was then driving his automobile eastwardly in Allegheny Avenue and as he approached the intersection, defendant backed his car northwardly into Allegheny Avenue and there struck plaintiff's car as it was passing through the intersection. Plaintiff was traveling in a street 54 feet wide along an east bound street car track which was about 17 feet from the south curb. Defendant's car, without the sounding of a horn or other warning backed into the intersection and struck the right side of plaintiff's automobile. Twenty-third Street is a two-way highway 42 feet wide from curb to curb. The collision occurred just after plaintiff had entered the intersection and it is a fair inference from the testimony that defendant backed his car northwardly into the intersection upon the west side of Twenty-third Street in the south bound traffic lane.

It is clear that even if defendant had been driving his car forward into the intersection along the west side of the street in that traffic lane, from a position south of Allegheny Avenue, he would have been chargeable with negligence. The Vehicle Code of May 1, 1929, P. L. 905, Art. X, §1004, 75 PS 521 imposes a duty as follows: "Upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway

...... unless it is impracticable to travel on such side of the highway. ......" Regardless of the statute, driving an automobile on the left side of a two-way city street is evidence of negligence. *Wilson v. Con. Dressed Beef Co.,* 295 Pa. 168, 145 A. 81. Backing a car into an intersection against general traffic without warning is also evidence of negligence. *Wirth v. Burns Bros.,* 229 N. Y. 148, 128 N.E. 111. But where the violation of the mandate of a statute is the proximate cause of the injury, nothing but the contributory negligence of the plaintiff will relieve a defendant from liability. *Beach v. Hyman,* 254 Pa. 131, 98 A. 962. If the violation of a statute appears, negligence is presumed. *Pursglove v. Monongahela Ry.,* 285 Pa. 27, 131 A. 477. In later cases there are dicta to the contrary. But the question whether the violation of the mandate of a statute is no more than evidence of negligence was put at rest by the present Chief Justice in *Jinks et al. v. Currie,* 324 Pa. 532, 188 A. 356 by a definite adherence to the majority rule that "The violation of a legislative enactment by doing a prohibited act ...... makes the actor liable for an invasion of an interest of another" (Restatement, Torts, §286) and, as applied to cases of this character, by holding that "the violation of such a mandatory provision of the law, passed for the purpose of aiding the safe operation of motor vehicles on the public highways is negligence per se." These principles have added force when applied to the movement of defendant's car. His act in backing his automobile into the intersection was not an act of necessity nor excused by the circumstances and it was not within an exception of the statute. The finding of the jury that defendant was negligent and that his negligence was the proximate cause of the injury is supported by the evidence and is conclusive of the question.

The defendant offered no testimony, and no greater burden rested on plaintiff than to present a case free from contributory negligence. "The rule that a plain-

tiff must present a case clear of contributory negligence does not mean that, after proving affirmatively that the defendant's negligence caused the injury, he must prove negatively that he himself was not guilty of negligence that contributed to the result": *Clark v. Lancaster,* 229 Pa. 161, 78 A. 86; *Bowman v. Stouman,* 292 Pa. 293, 141 A. 41. That the plaintiff performed the duty upon him of having his car under control may be inferred from the fact that he was driving at but 15 miles an hour; that he looked for other traffic and continued to look as he entered the intersection, as he was bound to do (*Simon v. Lit Bros. Inc.,* 264 Pa. 121, 107 A. 635; *Oakley v. Allegheny County,* 128 Pa. Superior Ct. 8, 193 A. 316; *Riley v. McNaugher,* 318 Pa. 217, 178 A. 6), is indicated by his testimony "When at Twenty-third Street *watching traffic as I proceeded,* I was impacted with this car on my right side." True, defendant's car was not observed until it struck plaintiff's automobile but the fact that plaintiff might have seen defendant's car moving into the intersection in time to have avoided the accident, but did not, does not necessarily bar plaintiff's recovery under the circumstances. It is only where the approaching automobile is *plainly visible* that one cannot be heard to say that he looked, when if he had looked he must have had notice of the approaching danger. *Carnevale v. Mc-Crady-Rodgers Co.,* 318 Pa. 369, 178 A. 472; *Smith v. Wistar,* 327 Pa. 419, 194 A. 486. Plaintiff possibly might have escaped injury by turning his automobile to the left, but "Negligence cannot be imputed because of the failure to perform a duty so suddenly and unexpectedly arising that there is no opportunity to apprehend the situation and to act according to the exigency:" *Post v. Richardson,* 273 Pa. 56, 116 A. 531; *Eastburn v. United States Exp. Co.,* 225 Pa. 33, 73 A. 977. Plaintiff had the right to take into consideration the probability that automobiles from the south would approach the intersection on the east side of Twenty-third Street and

the failure to anticipate defendant's negligent act, in itself, does not convict plaintiff of contributory negligence. Defendant was operating his automobile negligently in violation of the statute and for that reason the fact that he was approaching the intersection from plaintiff's right did not give him the right of way. It is only one who approaches an intersection driving in a proper manner and exercising due care, who has a superior right of way over traffic approaching the intersection from his left. *Schneider v. Amer. Stores Co.,* 100 Pa. Superior Ct. 339; *Byrne et al. v. Schultz (Stone et al., Aplnts.),* 306 Pa. 427, 160 A. 125.

The testimony in this case is meagre but in essentials supports plaintiff's right of recovery.

Judgment affirmed.