Statement of Facts.


## J. B. UDDERZOOK v. W. S. HARRIS ET AL.

APPEAL BY DEFENDANTS FROM THE COURT OF COMMON PLEAS
OF CHESTER COUNTY.

Argued February 9, 1891—Decided February 23, 1891.

1. Upon the trial of a sheriff's interpleader, declarations as to the owner-
ship of the property in dispute made by a deceased person through
whom the defendants claim, are inadmissible to affect the rights of the
claimant thereto.

2. Where such declarations constitute the only evidence in favor of the
execution creditor, a judgment for the plaintiff will not be reversed be-
cause the court charged the jury that there was no attempt to contra-
dict the testimony of the plaintiff and his witnesses.

3. A general assignment of error in the following form: " The charge of
the court below, as a whole, was misleading to the jury," is not in ac-
cordance with the Rules of Court, Rule XXIII., and for this reason
will not be considered.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and
WILLIAMS, JJ.

No. 291 January Term 1891, Sup. Ct.; court below, No. 70
April Term 1889, C. P.

On March 21, 1889, an issue was directed in a sheriff's in-
terpleader, wherein James B. Udderzook, the claimant of per-
sonal property levied upon as the property of Mary Udderzook,
was made plaintiff, and W. S. Harris and A. C. Harris, execu-
tors of Maria Criswell and execution creditors of Mary Udder-
zook, were made defendants.   Joinder.

At the trial on November 19, 1889, the plaintiff testified
and introduced the testimony of witnesses to show title in
himself to the property in dispute, a part of it as his own in-
dividually, and another part as a joint owner with his brother
Frank Udderzook as a copartner.   The defendants, claiming
that Mary Udderzook had derived title to the property as the
heir at law of Frank Udderzook, who had died intestate in
1888, as part of their case called Edmund Hatton and Samuel
G. Hatton, who testified, under objection and exception to the
plaintiff, to acts and declarations of Frank Udderzook in his

Charge of Court below.

lifetime with reference to the ownership of the property. It was made to appear in the case that James B. Udderzook, the claimant and plaintiff, with Frank Udderzook, up to the time of the latter's death were tenants of a farm, and that Mary Udderzook, their mother, lived with them; also, that there had been no administration upon the estate of Frank Udderzook.

At the close of the testimony, the court, WADDELL, P. J., charged the jury in part as follows :

One of these horses, the testimony shows you, was in his [James's] possession eight or nine years ago, long before he moved on to this property. But he has undertaken to show you, in addition to what he says himself, by the parties from whom he bought it, that he did buy it. The gentleman who sold him one of these horses comes upon the stand, and tells you that he did so, that he paid him for it. He tells you that he has possession of the note which he gave for the payment of the buggy. He could not have possession of the note unless he paid it. He also calls before you the gentleman from whom he bought the road cart, who tells you that he did sell it to him, or traded it for a horse with him, not with Frank or anybody else, but with James. Now, you must say whether from this testimony there can be any question in your minds that James is the owner of this individual property that he claims. [I do not understand that there is any attempt made on the part of the defence to contradict what has been testified to by James and his witnesses relative to the property which he owns individually.] [1] Now, how is it as regards the joint property, the property that he claims to have owned with his brother Frank ? He tells you. . . . . .

—The jury returned a verdict in favor of the plaintiff for all the property in dispute. A rule for a new trial having been discharged, the defendants took this appeal, assigning for error :

1. The portion of the charge embraced in [ ] [1]

2. "The charge of the court below, as a whole, was misleading to the jury."

*Mr. W. S. Harris*, for the appellants.

Counsel cited: Neiman v. Ward, 1 W. & S. 68; Kennedy v. Lubold, 88 Pa. 246; Penna. R. Co. v. Berry, 68 Pa. 272.

*Mr. Thomas W. Pierce*, for the appellee, was not heard.

In the brief filed, counsel cited: Bonner v. Herrick, 99 Pa. 220; Johnston v. Commonwealth, 85 Pa. 54.

PER CURIAM:

The first assignment alleges that the court erred in the following portion of its general charge: "I do not understand that there is any attempt made on the part of the defence to contradict what has been testified to by James and his witnesses relative to the property which he owns individually." This language is not strictly accurate, for there was an attempt made. But it was an attempt, nothing more. The title of the defendant could not be defeated by the declarations of Frank Udderzook, which is all the testimony of Edmund Hatton and Samuel G. Hatton amounts to. The second assignment does not conform to the Rules of Court, and for this reason has not been considered.

Judgment affirmed.