# Montalini *v.* Pennsylvania Co., Appellant.

*Negligence — Railroad companies — Passengers — Passengers
alighting from cars—Premature starting—Conflicting evidence—
Case for jury—Pain and suffering—Damages—Present worth.*

1. In an action brought by a passenger on a railroad train to re-
cover damages for personal injuries alleged to have been sustained
by plaintiff in consequence of the premature starting of the train
while she was endeavoring to alight therefrom at a station platform,
where plaintiff's testimony that while she was descending from the
steps the train started with a jerk, throwing her onto the platform,
was corroborated to some extent by four other witnesses, the case
was for the jury and a verdict and judgment for the plaintiff will
be sustained although six or seven witnesses testified for defend-
ant that after the train had started plaintiff left the car platform,
walked down the steps and jumped off.

2. In such case the court properly charged the jury to the effect
that it is the duty of a railroad company as a common carrier to
use the highest degree of care and to stop its trains for such length
of time as to give passengers a reasonable opportunity to alight,

and that to prematurely start the train with a sudden jerk while a passenger is in the act of alighting therefrom, which act is or should be known by those in charge of the train, is negligence on the part of the carrier.

3. Where, in such case, the plaintiff testified that as a result of the accident she was confined to her bed for three weeks during which time she suffered pain continuously and could not sleep at all, it was proper to charge the jury to the effect that, as a matter of common knowledge, pain might be so intense as to disable a person from laboring.

4. In such case it was not reversible error to charge the jury that the question is "whether you have sufficient evidence to determine how long this pain and suffering is likely to exist......If you have such facts so you can determine that question, then you ought to allow for such pain, suffering and inconvenience as she may likely suffer in the future; if you do find such to be the fact and make allowance for such future pain and suffering, the question is what would be the present worth, for you would not add that into your verdict as of to-day and be making an advance payment of what you might likely allow in the future, and it would be subject to considerable discount, and it would be a question of what would be the present worth if you add it into your verdict to-day."

*Practice, S. C.—Charge of court—Inadequacy—Assignment of error—Rule 37—Appeals.*

5. Where the entire charge is the subject of an exception it should be set out in full in the assignment of error; if an assignment of error to the entire charge fails to quote it in its entirety, such assignment violates Rule 37 of the Supreme Court.

Argued Oct. 17, 1916. Appeals, No. 45 and 46, Oct. T., 1916, by defendant, from judgments of C. P. Allegheny Co., April T., 1914, No. 317, on verdicts for plaintiffs in case of Angelo Montalini and Orsilina Maietta Montalini, his wife, v. The Pennsylvania Company. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries. Before DAVIS, J.

On the trial the court charged the jury in part as follows:

"It is a matter of common knowledge that pain and suffering may be very intense, may be sufficient in itself

to actually disable a person so that they cannot perform any labor at all, and it may exist for a certain length of time. Often the pain may exist until the bones are knitted together, and then the pain and suffering may cease." (9)

The court further charged:

"Now it has been shown that this woman is thirty-seven years of age, and the question is whether you have sufficient evidence to determine how long this pain and suffering is likely to exist, that is, taking into consideration her probable length of life—whether you have sufficient evidence that you can arrive at any conclusion as to how long this pain and suffering, or inconvenience may exist hereafter. If you have such facts, so you can determine that question, then you ought to allow for such pain and suffering, and inconvenience she may likely suffer in the future. If you do find such to be the fact, and make allowance for such future pain and suffering, the question is what would be the present worth, for you would not add that into your verdict as of to-day, and be making an advance payment of what you might likely allow in the future, and it would be subject to considerable discount, and it would be a question of what would be the present worth, if you add it into your verdict to-day." (10)

Further facts appear by the opinion of the Supreme Court.

Verdict for plaintiff, Orsilina Maietta Montalini for $3,583.75 and for plaintiff Angelo Montalini for $341, and judgments thereon. Defendant appealed.

*Errors assigned* were instructions to the jury.

*W. S. Dalzell,* of *Dalzell, Fisher & Hawkins,* for appellant.—The charge of the court was inadequate on the subject of the relative credibility of plaintiffs' and defendant's witnesses: Weiss v. Pittsburgh Rys. Co., 242 Pa. 506.

The charge placed undue emphasis on the question of defendant's negligence and inadequately referred to the contributory negligence of the plaintiff. The court erred in its charge as to the present worth of plaintiff's future pain and suffering and loss of services: Wilkinson v. Northeast Borough, 215 Pa. 486; Hockenberry v. New Castle Electric Co., 251 Pa. 394.

*H. Fred Mercer,* for appellees.—Where the charge contains no positive misstatements of law, or anything tantamount thereto, and appellant has made no specific objection to any part thereof at the trial, or submitted points, he cannot thereafter complain of the inadequacy of the charge: Mastel v. Walker, 246 Pa. 65.

A litigant is not entitled as a matter of right to except generally to a charge: Foley v. Philadelphia Rapid Transit Co., 240 Pa. 169; Fortney v. Breon, 245 Pa. 47; Kovarik v. Lehigh Valley R. R. Co., 240 Pa. 533; Hutchins v. Plymouth Township, 241 Pa. 141; Illig v. Monongahela Natural Gas Co., 238 Pa. 324.

The charge was adequate on the subject of plaintiff's contributory negligence: Tucker v. American Car & Foundry Co., 218 Pa. 323; Person & Riegel Co. v. Lipps, 219 Pa. 99; Pyne v. Delaware, Lackawanna & Western R. R. Co., 212 Pa. 143.

The charge was correct on the subject of present worth of future earnings: Lewis v. Springfield Water Co., 176 Pa. 237; Fedorawicz v. Citizen's Elec. Illuminating Co., 246 Pa. 141; Saunders v. Pittsburgh Rys. Co., 252 Pa. 79; Connor v. Electric Traction Co., 173 Pa. 602; Irwin v. Penna. R. R. Co., 226 Pa. 156.

OPINION BY MR. JUSTICE WALLING, January 8, 1917:

This is an action for personal injuries to a passenger. Defendant has a four track railway system extending westwardly from Pittsburgh along the north bank of the Ohio river, on which, about twelve miles out of the city, Glen Osborne Station is located, the depot buildings be-

ing on the north side of the tracks. On the south side opposite the depot there is a platform some three hundred feet long for the accommodation of eastbound passengers; on it there is a shelter shed. The eastbound and westbound tracks are separated by a fence. Mrs. Montalini, herein called the plaintiff, took passage on one of defendant's eastbound trains at Ambridge for her home in Glen Osborne. In alighting therefrom plaintiff was injured by falling on the platform. She had in her arms a four months' old child and a small package. The accident happened about 4 : 30 p. m. The train consisted of an engine and four coaches, and had stopped to receive and discharge passengers. The conductor knew that plaintiff intended to leave the train at Glen Osborne. Her testimony was to the effect that as she came down the car steps and was about to pass to the platform the train started forward with a sudden jerk, as the result of which she was thrown and injured. She was corroborated to some extent by the testimony of four other witnesses, who claim to have seen the accident from a distance. Much doubt was thrown upon the evidence of some of these witnesses.

For the defense six or seven witnesses, seemingly credible, testified that, after the train had started and while it was in motion, plaintiff deliberately left the car platform, walked down the steps and jumped off. There was some evidence to the effect that she had not reached the car platform when the train started, and that a gentleman standing thereon tried to restrain her from attempting to alight. Fortunately a young man caught the child and saved it from harm.

Plaintiff sustained quite serious injuries, including a fracture of the fifth dorsal vertebra. The evidence tended to show that she had not and probably never would fully recover. The case turned largely on questions of fact, all of which were submitted to the jury. Defendant took a general exception to the charge and bases thereon thirteen assignments of error. The first

complains of the inadequacy of the charge as a whole, and the others of different portions thereof. A careful examination of the charge fails to disclose any reversible error. It substantially covers the case and is not inadequate. The first exception relating thereto is defective in failing to quote the entire charge. See Supreme Court Rule 37. Where the entire charge is the subject of an exception, it should be set out in full: Udderzook v. Harris, 140 Pa. 236; Morgan v. Gamble, 230 Pa. 165; although appearing elsewhere in the paper book: Gilmore v. Pittsburgh, Va. & Charleston R. R. Co., 104 Pa. 275.

Several assignments relate to general instructions of the court to the effect that it is the duty of a railroad company as the common carrier of passengers to use the highest degree of care, and to stop its train for such length of time as to give the passengers a reasonable opportunity to alight; and that to prematurely start the train, with a sudden jerk, while a passenger is in the act of alighting therefrom, which act is or should be known to those in charge of the train, is negligence on the part of the carrier, which negligence is the want of the required care under the circumstances; and that the first question is, whether under all the facts and circumstances the defendant was guilty of negligence which was the sole cause of the plaintiff's injury. And further if plaintiff did not exercise proper care and it was through her negligence, or she contributed in any manner to this accident, then she cannot recover; that to voluntarily attempt to get on or off a moving train is negligence; and if plaintiff attempted to alight from the train, after it had started, she was herself to blame and cannot recover no matter how guilty the defendant may be of negligence. Therein we see no just cause of complaint. And the fact that the judge greatly enlarged upon such instructions and called the attention of the jury to the evidence in connection therewith was not error.

Plaintiff testified that as a result of the accident she was confined to her bed for three weeks, during which time she suffered pain continuously and could not sleep at all. In view of this there was no reversible error in that part of the charge embraced in the ninth assignment, to the effect that, as matter of common knowledge, pain might be so intense as to disable a person from labor, etc.

There was no error in what the court said as to the present worth of future damages: Irwin v. Penna. R. R. Co., 226 Pa. 156; especially as defendant failed to ask for more specific instructions: Fern v. P. R. R. Co., 250 Pa. 487; Saunders v. Pittsburgh Rys. Co., 252 Pa. 79.

In fact in Bostwick v. Pittsburgh Rys. Co., 255 Pa. 387, it is held that it is not error for the trial judge to decline to instruct the jury as to the present worth of damages for future pain and suffering. As the husband's judgment is for only $341, a sum not in excess of what the evidence justified for his damages previous to the trial, it is unnecessary to further consider this branch of the case.

The trial judge's comments upon the evidence were entirely fair, and the record discloses nothing done by him to the prejudice of the defendant, unless it might be in the discretionary matter of refusing a new trial, and that was doubtless influenced somewhat by the fact that the case had been tried twice.

The assignments of error are overruled and the judgments are affirmed.