# Hawkins *v.* Director General of Railroads, Appellant.

*Negligence—Railroads—Passenger alighting from train— Contributory negligence.*

1. To start a train with a sudden jolt while a passenger is attempting to alight is negligence, but if such attempt is made before the train stops, the passenger is guilty of contributory negligence and cannot recover if injured.

*Appeals—New trial—Verdict against weight of evidence—Discretion—Abuse—Assignments of error.*

2. It is an extreme case which will justify an appellate court to grant a new trial because the verdict was against the weight of the evidence.

3. A new trial will not be granted by the appellate court where no manifest abuse of discretion is shown on the part of the trial court.

4. An assignment of error to the refusal to grant a new trial will not be considered, where neither the motion nor reasons therefor are set out in the assignment.

Argued March 6, 1923. Appeal, No. 1, Jan. T., 1923, by defendant, from judgment of C. P. Bucks Co., Dec. T., 1919, No. 24, on verdict for plaintiff, in case of John G. Hawkins v. Director General of Railroads, operating P. & R. R. R. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before RYAN, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Errors assigned,* inter alia, were (2) refusal of new trial, and (3) refusal of judgment for defendant n. o. v., quoting record.

*Harman Yerkes,* for appellant.

*John Martin Doyle* and *Eugene Raymond,* for appellee.

OPINION BY MR. JUSTICE WALLING, April 9, 1923:

On the evening of November 30, 1918, the plaintiff, John G. Hawkins, took passage on defendant's train at Bethlehem for his home at Shelby Station in Bucks County and, while alighting at the latter station, fell and was seriously injured. The trial developed a sharp conflict in the evidence as to the cause of his fall; that of plaintiff, and of a companion named Stetzler, was to the effect that when the station was called they arose from their seats and moved toward the door, but did not go upon the platform until the train had stopped, and that it started forward with a sudden jolt just as plaintiff was passing down the steps, so that he was hurt. For the defense, a number of witnesses, mostly members of the train crew, testified plaintiff came out on the platform, started down the steps and was thrown before the train had stopped and that no unusual jolt occurred. The jury found for the plaintiff and, from judgment entered thereon, defendant has appealed.

The first and third assignments of error, are to the trial court's refusal to take the case from the jury; but that could not be done as it turned on questions of fact. To start a train with a sudden jolt while a passenger is attempting to alight is negligence (Montalini v. Pennsylvania Co., 256 Pa. 249; Bockelcamp v. L. & W. V. R. R. Co., 232 Pa. 66); but if such attempt is made before the train stops, the passenger is guilty of contributory negligence and cannot recover; the trial judge so instructed the jury and properly left the disputed question of fact to them.

The second assignment of error is to the refusal to grant a new trial, but, as neither the motion nor reasons therefor are set out in the assignment, it cannot be considered: Ward v. Babbitt, Inc., 270 Pa. 370, 373. Fur-

thermore, had such motion and reasons been set forth they could not avail, for no manifest abuse of discretion is disclosed, without which we cannot interfere: Moschzisker's Trial by Jury, section 362. True, the number of witnesses and apparent weight of the evidence favored defendant, but that was a matter for the jury and trial judge. It would take a glaring case, which this is not, to justify an appellate court in granting a new trial because the verdict was against the weight of evidence.

The fourth assignment of error, as to the effect of failure to substitute the newly appointed director-general of railroads and federal agent within twelve months, has been withdrawn of record, owing to the Act of Congress of March 3, 1923, which enlarges the time for such substitution

The judgment is affirmed.