## Petrosky et al. v. Danovitz et al., Appellants.

*Negligence—Automobiles—Collision with wagon—Case for jury.*

In an action of trespass to recover damages resulting from a collision between a wagon and auto truck, the case was for the jury and a verdict for the plaintiff will be affirmed where the evidence showed that the plaintiff's horse and wagon were standing on the right hand side of a thirty foot street, parallel with and close to the curb, that the plaintiff's wagon was struck in the rear by the defendant's truck, that the horse was knocked down and the wagon demolished, and that the day was clear and the driver's view of the standing wagon was unobstructed.

As the plaintiffs were lawfully using the street when struck by

the defendant's machine a prima facie case of negligence was made out if the jury believed the evidence offered on behalf of the plaintiffs.

Argued May 5, 1925.   Appeals, Nos. 222 and 223, April T., 1925, by defendants from judgment of C. P. Allegheny County, July T., 1922, No. 1350, in the cases of Jane Petrosky et al. and Jane Petrosky and Joe Petrosky her husband, v. Samuel Danovitz et al., Co-Partners, doing business as Danovitz Brothers Cooperage Company.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover damages for personal injuries. Before ROWAND, J.

The facts are stated in the opinion of the Superior Court.

Verdict for Jane Petrosky in the sum of $1,000 and for Joe Petrosky, her husband, in the sum of $1,500, and judgment thereon.   Defendants appealed.

*Error assigned* was the court's refusal of defendants' motion for judgment non obstante veredicto, and in entering judgment on the verdict for the plaintiffs.

*William A. Challener,* for appellant, cited:   Zercher v. Phila. R. T. Co., 50 Pa. Superior Ct. 324; Livingstone v. Pgh. Rys. Co., 64 Pa. Superior Ct. 593; Kepner v. Traction Co., 183 Pa. 24; Lanning v. Pgh. Rys. Co., 229 Pa. 575; Clark v. Phila. R. T. Co., 241 Pa. 437; Benson v. Phila. R. T. Co., 248 Pa. 302; Brynelson v. Concrete Steel Co., 239 Pa. 346; Bradley v. L. S. & M. S. R. R. Co., 238 Pa. 315.

*C. James Tannehill,* and with him *Rody P. & Meredith R. Marshall,* for appellees, cited:   King v. Brillhart, 271 Pa. 301; Petrie v. E. A. Meyers Co., 269 Pa. 134; Anderson v. Wood, 264 Pa. 98; Rankin v. Ward Baking Co., 272 Pa. 108; Schoepp v. Gerety, 263 Pa.

538; Reisinger v. McConnell, 265 Pa. 565; Washington
v. Gulf Refining Co., 257 Pa. 157; Van v. Richmond,
259 Pa. 300; Wiles v. Emerson-Brantingham Co., 267
Pa. 47.

OPINION BY LINN, J., July 9, 1925:

These appeals are from judgments on verdicts for
husband and wife for damages resulting from a col-
lision by defendant's motor truck and plaintiff's
wagon. The wagon was standing by the curb on Main
Street in Sharpsburg and as Jane Petrosky, one of
plaintiffs, was alighting from the wagon, the motor
truck crashed into the rear end of the wagon and in-
jured her. As the only point presented here is the
refusal to enter judgment for the defendant n. o. v.,
we must take the evidence most favorably supporting
the verdicts. The distance between the curb and the
nearest car track was about five and a half feet. De-
fendant's truck approached in the car track at a speed
of 20 miles an hour. When about seven feet from the
rear end of the wagon, the truck turned toward the
right, struck the wagon (described as a "small spring
wagon") and "smashed it into the sidewalk," and
the truck "went clean on the sidewalk and there it was
stopped." One witness in referring to the right front
wheel of the truck, said "I don't think it came off. I
think it was bent after it hit the sidewalk."

We have, then, a case where a wagon lawfully oc-
cupying the highway, is struck in the rear by a truck
driven by defendant's employee. The day was clear,
and the driver's view of the standing wagon was un-
obstructed. As the plaintiffs were lawfully using the
highway when struck in the circumstances described,
a prima facie case of negligence was made out if the
jury should believe the evidence offered on behalf of
plaintiffs: Reisinger v. McConnell, 265 Pa. 565; Ran-
kin v. Baking Co., 272 Pa. 108; McFeeters v. Lee, 274
Pa. 83.

Defendant contends, however, that it produced evidence showing that the accident was unavoidable, in that a bolt, called a spindle bolt, used to keep the wheel on the axle, broke and caused the car to move from its direct course and strike the wagon. In our view of the record, that is an assumption without legal support. The evidence is not clear that the bolt broke before the collision with the wagon; on the contrary, the evidence is in dispute, as will appear. The driver of the truck testified, "......as I got past this woman [one of the plaintiffs] all at once it swerved over this way, I couldn't hold it, and the wheel went loose from the truck, just the tie-rod holding, I throwed off the gas and stopped as quick as I possibly could, and on this sidewalk I had to stop, you know; I couldn't do anything else." Another witness testified that the wheel came off the truck. The driver said that while standing there a policeman came along and said "you dropped that bolt on the railroad crossing" (about two squares from the collision), showing him "a half inch of the bolt." That piece of bolt was thrown away. The witness testified the spindle bolt, of which the broken piece was supposed to be a part, was 6 or 7 inches long. A witness who took the truck away after the accident, said he inserted an old bolt in place of the broken spindle bolt. Defendant called an automobile mechanic, who testified that he inserted a new bolt in place of the temporary bolt put in by the witness just referred to. He testified the spindle bolt was about 3 or 4 inches long and that the spindle bolt "only can break in one place before it can come out," and "that it would be right in the middle of its length," that is, "in the dowel pin hole." He testified that the truck driver showed him "a bolt" which "was broken in the dowel pin hole," but adds, "I didn't pay much attention to it, looked at it and threw it away." Wherever that piece of bolt came from, and there is no evidence that it came from the truck, it certainly was not the piece of bolt half an inch long, found by the

policeman, for if the spindle bolt could only break in the middle of the dowel pin hole, as the evidence states, the part found by the policeman was never in the truck.

This evidence, subject as it is to various inferences, presented in defense to the prima facie violation of the right of the plaintiffs to occupy the highway, was necessarily for the jury. It may well be, as plaintiffs contend, that the break in the spindle bolt resulted from the impact of the motor truck and the curb, that is,—after the collision with the wagon. The evidence is therefore not undisputed that the motor truck was in proper control of the driver and left its course in the car tracks and crashed into the wagon because of an unforeseen break of part of the truck, which deprived the driver of control. That difference in the testimony distinguishes this case from, and also excludes it from the control of the decisions relied on by the learned counsel for appellant, such as cases holding there was no liability where a plaintiff sued to recover for loss resulting from the mere parting of a trolley wire (Lanning v. Rys. Co., 229 Pa. 575); or the falling of a trolley pole (Zercher v. Transit Co., 50 Pa. Superior Ct. 324); or where front and rear trucks of a street car divide at a switch, in the absence of evidence that the switch is out of repair (Livingstone v. Rys. Co., 64 Pa. Superior Ct. 593), the rule being well settled otherwise if there is evidence that the switch is out of repair (Geiser v. Rys. Co., 223 Pa. 170), as well as the other decisions cited, holding that there can be no recovery without some evidence to show that the resulting harm could have been foreseen as probably following the oversight alleged.

The judgments are affirmed.