Lewis et al., Appellants, *v.* Pittsburgh Railways Company.

Argued April 28, 1938. Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker and Rhodes, JJ.

*Charles Lysle Seif,* of *Seif, Evashwick & Best,* for appellants.

*Arthur W. Henderson,* with him *J. R. McNary,* for appellee.

OPINION BY RHODES, J., July 15, 1938:

This action of trespass was brought to recover damages for injuries sustained by the wife plaintiff as the result of an accident on September 27, 1934, while she was a passenger on a street car operated by defendant. After verdicts in favor of plaintiffs, the court below granted defendant's motion for judgment in its favor n. o. v. Plaintiffs have appealed.

Wife plaintiff, a resident of Turtle Creek, testified that on the day in question she was on her way to Pittsburgh; that it was necessary for her to change cars at Franklin Avenue and Center Street, in Wilkinsburg; that she remained in her seat until the street car reached that intersection and stopped. Thereupon she arose from her seat and walked to the rear exit of the car, where defendant's conductor was standing. Several other passengers were alighting at the same time, and some preceded her off the car. She paid her fare, and stepped down from the floor of the car to the floor of the rear platform, which was about a foot lower than the floor of the car. The street upon which the car was stopped was down grade westwardly, or in the direction of Pittsburgh. Concerning what happened next, she testified: "Q. What happened when you got to the platform? A. Well, I stepped down off from in the car like, —there is a step there, and I stepped down onto the platform. I thought my checks,—I dropped my checks and I turned around with intentions of going on the floor to step out, and as I done that,—just stood there, —the car give a jolt, just jolted ahead,—moved, and I went right forward into the car. Q. Now, the car jolted ahead, as you say. You mean that was westwardly towards Pittsburgh? A. Yes, sir. Q. At the time of this jolt, you were waiting to alight from the car? A. I was:

...... Q. Well then, you were injured, were you, when the car stopped or when it started? A. When the car made the second,—when it started. It was stopped. I went to get off and the car moved forward as I stood there. It was already stopped and before I could get off the car the car had give the sudden start. I was moved or jerked or went forward up against this step and hit my leg."

The only other witness to testify for plaintiffs concerning the manner in which the accident occurred was Mrs. Louise Herman, a fellow passenger, who sat beside wife plaintiff on the day in question. She testified that both got up before the car stopped, walked together to the back platform and arrived there before the car had stopped. She further testified that when the car stopped she was in front of wife plaintiff on the platform; that the car made "just a little bit of a jerk" in coming to a stop; that wife plaintiff was not thrown into the car, but that she swayed into witness, without complaint of any injury to herself; that no passenger had attempted to alight from the car before wife plaintiff fell over; that those intending to alight were standing on the platform waiting for the street car to come to a stop.

Plaintiffs' counsel did not plead surprise, or cross-examine this witness as to previous inconsistent statements, at the time. After the court had met for the afternoon session, pursuant to adjournment, he pleaded surprise and offered to prove by wife plaintiff that the witness had made statements to her at a previous time contrary to those to which she had testified that morning. Defendant's counsel objected, and this objection was sustained. When plaintiffs rested, defendant moved for a nonsuit, which was refused. Thereupon defendant rested.

From the opinion of the court below it appears that judgment n. o. v. for defendant was entered on the ground that it was incumbent upon plaintiffs to prove

an unusual jolt or jerk, and that in this respect their case failed, relying on the rule laid down in *Smith et ux. v. Pittsburgh Railways Co.,* 314 Pa. 541, 171 A. 879, and *Endicott v. Philadelphia Rapid Transit Co.,* 318 Pa. 12, 177 A. 17, and similar cases.

To sustain the judgment of the court below, defendant contends that plaintiffs were not entitled to go to the jury upon the conflicting state of their evidence as to the manner in which the accident occurred, and that it was the duty of plaintiffs to prove the unusual character of the jolt or jerk of the street car under the circumstances of this case.

It is the position of plaintiffs on this appeal that the case was properly submitted to the jury to determine from all the evidence just what the facts were, and that defendant's negligence, as averred in the plaintiffs' statement of claim, was established by proof that the street car had stopped for the purpose of discharging passengers, and, while the wife plaintiff was attempting to alight therefrom, it was suddenly started before wife plaintiff had an opportunity to leave the car, and without any notice of the intention of the operator to start the car.

We are of the opinion that the testimony of wife plaintiff was sufficient to warrant the submission of the case to the jury, and that it was not necessary for plaintiffs to establish any unusual or extraordinary jolt or jerk of the car to sustain the verdicts in favor of plaintiffs. Considering the testimony in the light most favorable to plaintiffs, it appears that the street car had been brought to a stop at Franklin Avenue and Center Street, in Wilkinsburg, for the transfer of passengers; that with other passengers she was about to alight; that some of the passengers had preceded her in leaving the car; that there was one person following her; that she had stepped down to the rear platform after paying her fare; that as she turned to face the exit to the street

the car made a sudden start and stop without warning; and that as a result her injuries were sustained.

Reference has been made to the fact that in case of a sudden start by the car after it had come to rest wife plaintiff would have fallen backward rather than forward, and that her testimony in this connection was vague, indefinite, and improbable. In answer it is only necessary to point out that the street car was headed down grade at the time it was first stopped to permit wife plaintiff and the other passengers to alight, and that the jury could have found that wife plaintiff was thrown forward in the car, as she testified, from the sudden stopping after the forward movement.

In *Laub v. Philadelphia R. T. Co.*, 97 Pa. Superior Ct. 323, at page 326, this court said: "Cars must be stopped for a sufficient time to give passengers a reasonable opportunity to alight and the premature starting of a car with a sudden jerk while a passenger is in the act of alighting therefrom, and that act is or should be known by those in charge of the car, is negligence: *Hassan v. Reading Co.*, 89 Pa. Superior Ct. 592; *Montalini v. Penna. Co.*, 256 Pa. 249 [100 A. 806]; *Bockelcamp v. Lackawanna and Wyoming Valley R. R. Co.*, 232 Pa. 66 [81 A. 93]; *Walthour v. Pa. R. R. Co.*, 40 Pa. Superior Ct. 252, and cases there cited."

The fact that wife plaintiff was not in the act of stepping from the car to the street does not relieve defendant. She had stepped down to the rear platform, which was obviously the first act in alighting. Several passengers in front of her had already alighted, and it appears that one was following her. See *Laub v. Philadelphia R. T. Co.*, supra; *Hassan v. Reading Company*, 89 Pa. Superior Ct. 592.

Plaintiffs' testimony was sufficient to warrant the jury in finding that her injuries resulted from defendant's negligence. The nature and extent of her injuries are not controverted here. Although the burden of

proof was upon plaintiffs to establish defendant's negligence before a recovery could be had; this is not such a case where the testimony on that question is so contradictory as to present to the jury no basis for a finding, except a mere conjecture. See *Goater v. Klotz*, 279 Pa. 392, 124 A. 83. On the testimony of wife plaintiff, plaintiffs were entitled to go to the jury notwithstanding testimony to the contrary by plaintiffs' witness Mrs. Herman. Had the testimony of wife plaintiff under the circumstances been contradictory or conflicting as to material facts which plaintiffs were obliged to prove, binding instructions would have been proper, or judgment n. o. v. for defendant could have been entered. See *Zenzil et al. v. Delaware, Lackawanna & Western Railroad Co.*, 257 Pa. 473, 101 A. 809. Conflicting testimony introduced by a plaintiff on the question of contributory negligence, where the burden of proof is on defendant, is for the jury to pass upon. See *Zenzil et al. v. Delaware, Lackawanna & Western Railroad Co.*, supra. Likewise, in certain cases where the burden of proof is upon a plaintiff to affirmatively establish certain facts, and the testimony introduced on behalf of plaintiff is contradictory as to such facts, it is still the province of the jury to decide which shall prevail. Plaintiffs' conflicting testimony as to defendant's negligence does not necessarily prevent plaintiffs' recovery.

"Evidence is in conflict when from its consideration, as a whole, both the affirmative and the negative of an issue of fact has support from it. It is not important to such a result that a part of the evidence shall be offered by each party to the issue. It happens at times that the party having the affirmative of an issue of fact, with evidence for its support, will himself present testimony to override it, and show the negative of the proposition. In such a case the testimony is both for and against the proposition, and is in conflict. It is not true that a party is bound by evidence, offered by himself,

that may be against him, where there is evidence in his favor that presents a conflict, but in such a case he may have the judgment of the court or jury upon the weight of the evidence": *Larkin v. Burlington, C. R. & N. Ry. Co.*, 91 Iowa 654, 60 N. W. 195, at page 196.

Where, as here, there is evidence which makes out plaintiffs' case and is sufficient to sustain the verdicts, although there is conflicting evidence as to defendant's negligence which is introduced by plaintiffs, still the question as to whether or not plaintiffs should recover is properly left to the jury. It would be a severe rule if a witness, called by plaintiffs, in giving adverse testimony on some points, would cause plaintiffs to lose the effect of all the testimony in their favor on the ground of conflicting theories. We think the case was properly for the consideration of the jury upon all the evidence, and that the verdicts of the jury must be sustained.

Judgment appealed from is reversed, and the record is remitted that judgments may be entered on the verdicts.