VALANDA et al. v. BAUM & REISSMAN, Inc., et al.

No. 209.

District Court, M. D. Pennsylvania.

Jan. 29, 1940.

Zygmund R. Bialkowski, of Scranton, Pa., for plaintiffs.

Reese H. Harris, of Scranton, Pa., for defendants.

## JOHNSON, District Judge.

This action in trespass for damages resulting from the alleged striking of plaintiff Edward Valanda by the car of the defendant was tried before a jury at the October, 1939, term of court in Scranton, resulting in a verdict in favor of the minor plaintiff in the sum of $1,000, and in favor of the father in the sum of $1,500. The defendants here move the court to set aside the judgments and to enter judgments for the defendants notwithstanding the verdict.

Under Rule 50(b) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, defendants' motion should be to set aside the verdict and the judgments entered thereon, and to have judgment entered in accordance with defendants' motion for a directed verdict. However, since in substance they are here the same, the court will treat defendants' motion for judgment n.o.v. as if it were a motion strictly conforming to Rule 50(b).

The defendants' motion is based on two propositions of law: "first, there is no evidence of negligence on the part of the defendant; secondly, the plaintiff was guilty of contributory negligence as a matter of law."

In the first place, the facts surrounding the accident are not beyond dispute, and in their interpretation there is room for a difference of opinion in the minds of reasonable men. This being the case, it is not in the province of the court to determine the question of negligence, but that responsibility rests solely with the jury: Keck v. Philadelphia Rapid Transit Co. et al., 314 Pa. 389, 171 A. 478; Lewis et al. v. Pittsburgh Railways Co., 132 Pa. Super. 394, 200 A. 704.

Defendant Max Reissman admits having seen plaintiff's car slowly pulling off the road several hundred feet in front of him. There is evidence that beyond the point where Valanda drove off the road, and in the direction the defendant was traveling, there was a clear view of 400 feet or more. There is evidence that there were no other vehicles moving on the road or in view at the time and place of accident. This and the other evidence is sufficient to support a finding by the jury that defendant did not use due care towards plaintiff and hence was guilty of actionable negligence. By its verdict the jury has found defendant guilty of negligence, and, there being evidence to support this decision, the court will not disturb the jury's verdict on this ground.

Secondly, defendants contend that plaintiff was guilty of contributory negligence as a matter of law in parking his car partly on the paved highway, contrary to statute. The Pennsylvania law provides that no car shall be parked on the paved portion of the highway "when it is practicable to park * * * such vehicle off the paved * * * portion of such highway": 1929 Pa.P.L. 905, Art. X, sec. 1019, as amended by Act of 1937 Pa.P.L. 1718, sec. 4, 75 Purdon's Pa.Stat.Ann. § 611. From the evidence of the condition of the berm at the place of accident, there being rough, sharp stones within three feet of the paved road, according to plaintiff, it is not beyond doubt whether it was practicable to park entirely off the paved roadway, and as long as it is not certain, beyond a reasonable doubt, the court can not determine as a matter of law that the manner in which the car was parked violated statute, Petrosky v. Danovitz et al., 86 Pa. Super. 22, whether or not violation of the statute would constitute contributory negligence per se.

In further proof of defendants' contention that plaintiff was negligent, it is argued that plaintiff's failure to look back, and continue to look back, as he got

out of his car, constitutes contributory negligence as a matter of law. This is not correct. Plaintiff testified that he looked back along the road when he started to leave his car. From the evidence of the small space available in getting out of this particular car, a Whippet, the jury could properly find that plaintiff did not fail to exercise due care just because he did not have his eyes in one direction throughout the process of stepping from his car. The evidence on this point is not sufficiently beyond dispute to enable the court to say as a matter of law that plaintiff was negligent while alighting from his car.

It is therefore ordered that the motion to set aside the verdicts and judgments entered thereon, and to have judgments entered in accordance with defendants' motion for a directed verdict, be and the same is hereby, refused.