Martin, Appellant, *v.* Marateck.

Argued May 26, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Frederick J. Templeton,* for appellant.

*Mark E. Garber,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, June 29, 1942:

Laura Martin, appellant, instituted this action in trespass, on behalf of herself and minor children, to recover damages for the death of her husband, John Martin, who died as the result of injuries sustained when he was struck by an automobile driven by Sanford S. Marateck, the appellee. At the trial, the court below entered a compulsory nonsuit, which it subsequently refused to take off, on the ground that the evidence adduced by appellant was not sufficient, as a matter of law, to warrant a finding that the accident was brought about by any negligence of the appellee, as averred, and its action in so doing is the subject of the present appeal. We are all of opinion that the nonsuit was properly entered, for failure of proof of negligence, and that the judgment of the court below must be affirmed.

The accident occurred at a point immediately east of the village of New Kingston, Cumberland County, on

the public highway known as Route No. 11, at about 9:30 o'clock in the evening of June 8, 1940. Route No. 11 is a main highway running between Carlisle and Harrisburg in a generally east and west direction, and at the time of the collision the appellee was operating his car thereon in a westerly direction, towards Carlisle. One Duncan, appellant's sole eye witness to the occurrence, testified that shortly prior to the accident he stopped his car, which was headed east, between the highway and the pumps of a gasoline filling station located along the south edge of the highway, at a point approximately 100 feet from where Martin was found after the impact, and that as he was in the act of bringing his car to a stop he saw Martin passing between the gasoline pumps and the filling station building, a space four or five feet in width. The witness did not continue to observe the deceased, but brought his car to a halt in front of the pumps and alighted, for the purpose of buying gasoline. As he looked around, the witness saw Martin on the highway, near the middle, an undisclosed distance west of the filling station, and the Marateck car was then "just upon him" and "just ready to hit." According to the witness, Martin was facing at an angle towards the northwest, with his back towards the filling station, when he was struck, but the witness was unable to state whether he was walking or standing still at the time. After the impact, Martin was found lying on the highway, with his head about four inches south of the north edge of the paved portion of the highway, suffering from a fractured skull and other injuries, of which he died the following day. A witness who came upon the scene after the accident stated that appellee's car was stopped on the south side of the highway, 75 or 80 feet from where Martin was lying immediately after the impact, and a motor policeman who examined the car at some unspecified time after the accident testified that "it was damaged on the right side; the right cowl light, and the right front door window was cracked". So far as appears, however,

the automobile may have been driven to the place where it was parked, because this was the first available safe place to leave it, and there is no evidence whatever to connect the damages to the car testified to by the officer with the accident in question.

Viewing this evidence in the light most favorable to appellant, as we are required to do in passing upon the propriety of the nonsuit (*Wenhold v. O'Dea,* 338 Pa. 33, 35), we are nevertheless bound to conclude, as did the court below, that it was clearly insufficient to take the case to the jury on the issue of appellee's negligence. The mere fact that the deceased was struck by the automobile of appellee on a public highway, which is all that is disclosed with any degree of certainty, affords no proof that the appellee was at fault. In addition to establishing the fact of accident, it was incumbent upon appellant so to describe, picture or visualize what actually happened at the time of the accident as to enable one fixed with the responsibility for ascertaining the facts to find that the appellee was negligent and that his negligence was the proximate cause of the accident. See *Fisher v. Amsterdam,* 290 Pa. 1, 3; *Lithgow v. Lithgow,* 334 Pa. 262, 264; *Skrutski v. Cochran,* 341 Pa. 289, 291. This appellant's evidence obviously fails to do. The record is devoid of any evidence showing how Martin came onto the highway or what length of time he was in the highway before he was struck, and his actions and movements from the time he left the gas pumps until the moment of impact are left wholly unexplained, so that it is impossible to infer from the evidence presented that appellee saw or should have seen him on the highway a sufficient time before the accident to bring the automobile to a stop, if under proper control. Under such circumstances, and in the absence of any evidence that appellee was driving in an improper manner or at an excessive rate of speed, that his attention was distracted, or that his car was mechanically defective, a verdict in favor of appellant would necessarily be based upon pure

speculation and conjecture, rather than upon any proof of negligence, and could not be sustained: *McAvoy v. Kromer,* 277 Pa. 196; *Hadhazi v. Zero Ice Corporation,* 327 Pa. 558; *Pfendler v. Speer,* 323 Pa. 443; *Brooks v. Morgan,* 331 Pa. 235; *Wenhold v. O'Dea,* supra; *Skrutski v. Cochran,* supra.

*McAvoy v. Kromer,* supra, is a case closely in point here. There a child, seven years of age, was struck by an automobile, between crossings, on a city street. He was seen just as he left the curb to cross the street and was next seen either being struck or under the front part of the vehicle; no one saw him in the intervening space from the curb to the place of accident. On this state of the proofs, this Court held there could be no recovery for the injuries to the child, stating as follows (pp. 197-98) : ". . . to affirm appellee's case, we must hold that a mere collision between an automobile and a pedestrian or vehicle proves negligence; this it does not do . . . Was he run down by the car, the driver of which could have seen him a sufficient length of time to have guarded against it? The accident occurring between crossings, did he suddenly run in front of the car; was he crossing the street heedlessly; was he crossing the street without regard to traffic . . .; did he reach the south side of the street safely and suddenly dart back in front of the car; or did the car suddenly swerve, striking him? All these circumstances are left to conjecture; defendants might have been responsible for one or more of the causes and not so as to others. In such cases, where it is equally probable the accident may have resulted from either cause, there can be no recovery: *Alexander v. Pennsylvania Water Co.,* 201 Pa. 252." Another case substantially identical to the one in hand is *Hadhazi v. Zero Ice Corporation,* also supra. In that case deceased was seen before he was struck, about the middle of a thirty-feet-wide street, not at an intersection, but the evidence did not disclose where he came from or what were his movements immediately before the auto-

mobile reached him. Witnesses testified they heard the brakes of the automobile screech and saw deceased in front of it, just how far away they could not say. As in the present case, no evidence was offered that the automobile was being driven in a careless manner, and no question of excessive speed or mechanical defect of the car was involved. In sustaining a compulsory nonsuit, this Court said (p. 559) : "We, therefore, have a situation where the only basis for the conclusion that the automobile was negligently operated must be the fact that deceased was in the street, and that the brakes screeched, indicating that the driver of the car was endeavoring to stop it. This was not sufficient. 'The mere fact that the decedent, a pedestrian, was struck by a vehicle on a public highway was not sufficient to support a finding of negligence': *Sajatovich v. Traction Bus Co.,* 314 Pa. 569, 572." Applying these decisions to the present case, the conclusion is inescapable that under appellant's evidence there was no question of negligence on the part of appellee to be presented to the jury, and hence the motion to take off the compulsory nonsuit was properly refused.

In *Logan v. Bethlehem City,* 324 Pa. 7, relied upon by appellant, the plaintiff, a pedestrian, was crossing a fifty-feet-wide city boulevard, from north to south, at an intersection, and had paused in the middle of the street, waiting for a westbound automobile to pass, when a motorcycle emerged from a line of traffic approaching from the east and struck him from behind as he stood in full view. And, in *Beyrent v. Kaplan,* 315 Pa. 353, where the injured was a traffic officer, who was struck while engaging in his duties at an intersection, the evidence "warranted a finding that defendant's automobile struck plaintiff when the latter was standing in plain view and had been so standing long enough for the driver to have seen and avoided him in the exercise of reasonable care." In each of these cases the evidence disclosed how the pedestrian came to be on the highway, what he was

doing, and how long he had been there before he was struck, whereas none of these elements is disclosed by the present record. These decisions are thus clearly distinguishable, as also are those cases of which *Knox v. Simmerman,* 301 Pa. 1, is typical. There a guest passenger in an automobile was injured when the driver, approaching a curve, on a clear day, on a broad dry pavement, failed to make the turn and the car dashed into a pile of stones outside of the paved portion of the highway. In these circumstances, it was held the rule applied that "when the thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." See also *Maltz v. Carter,* 311 Pa. 550; *Ravis v. Shehulskie,* 339 Pa. 161; *Brewer v. Brodhead,* 341 Pa. 384. Here the evidence discloses no such extraordinary circumstances, but shows merely the happening of a collision between a motor vehicle and a pedestrian, within the lines of the highway, and the so-called doctrine of "exclusive control" cannot, therefore, possibly apply. See *Logan v. Bethlehem City,* supra, 13.

Judgment affirmed.