**WARLICH v. MILLER et al.**

No. 8513.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 7, 1944.

Decided Feb. 29, 1944.

John R. Bredin, of Pittsburgh, Pa. (Dalzell, McFall & Pringle, of Pittsburgh, Pa., on the brief), for appellant.

John H. Sorg, of Pittsburgh, Pa., for appellees.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

GOODRICH, Circuit Judge.

This is an action to recover for personal injuries and property damage resulting from a collision between plaintiff's automobile and defendant's truck. At the close of plaintiff's case the trial court directed a verdict for defendants and subsequently refused to set aside the directed verdict or grant a new trial. The plaintiff appeals from the judgment against her. The only question before us is whether she made out a case for the jury.

The collision occurred on the Pennsylvania Turnpike on December 28, 1941, at about 5:45 P. M. The Turnpike is a "super-highway", having four lanes of traffic, two eastbound and two westbound, separated by a wide stripe. The portion of the highway with which we are concerned was straight and level. The plaintiff produced two witnesses: one was herself and the other an occupant, but not the driver, of defendant's truck at the time of the collision.

Plaintiff testified concerning the accident as follows: Both vehicles were proceeding on the eastbound lanes. Initially, the truck was ahead of her but later she passed it. She was then overtaken by the truck. Subsequently plaintiff decided to pass the truck again. Both vehicles were travelling about 50 m.p.h. Plaintiff increased her speed slightly and pulled out in the left lane to pass, blowing her horn several times to make sure the truck driver would hear her. As she came alongside, to about the middle of the truck, the driver of that vehicle increased its speed to about 61 m.p.h. Plaintiff increased her speed. She "had just passed" the cab of the truck, and was proceeding perfectly straight, without changing her direction in any way when she felt a crash at the right rear of her car, was knocked unconscious, revived to see herself heading for an embankment, felt another crash and awoke in a turned over car. On cross-examination plaintiff testified that the truck had not been going steady, but "a little bit to right and left and center" that the truck was "not zigzagging, but just changing off a little bit. * * * he did not keep a straight line." The truck had been proceeding in this manner for some time before she attempted to pass it. Before she passed it the second time it was bearing slightly from the right side of the road to the left.

Plaintiff's other witness testified that when all but the right rear fender of plaintiff's car had passed the front of the truck, her car began to swerve to the right to go into the right lane, and that contact then occurred between the truck and automobile. He also stated that when the automobile was passing the truck, the truck at no time turned left. At the close of plaintiff's evidence the court directed a verdict against her.

The operative facts occurred in Pennsylvania. Suit having been brought in the federal court in that state, Pennsylvania tort law controls the rights and liabilities of the litigants. Furthermore, at this stage of the suit the evidence is to be considered in the light most favorable to the plaintiff and all reasonable inferences which may be deduced from the evidence in her favor aid her case. So considered, we believe that plaintiff's evidence entitled her to go to the jury.

The Pennsylvania legislature has defined the standard of care to be observed by a motorist on a highway when being

overtaken by another motorist. By statute,[1] a driver of a vehicle about to be overtaken and passed by another vehicle approaching from the rear, must give way to the right in favor of the overtaking vehicle on suitable and audible signal being given by that vehicle. Furthermore, the driver of the overtaken vehicle must not increase its speed until completely passed by the passing vehicle. It is apparent that one of the legislative purposes was to set up a standard of care to avoid collisions where one is passing another's car. If a motorist being overtaken does not adhere to the standard specified and this breach of the statutory standard of care causes injury to an overtaking motorist, who is himself free from contributory negligence, then the former is liable to the injured party. Jinks v. Currie, 1936, 324 Pa. 532, 188 A. 356; Gaskill v. Melella, 1941, 144 Pa.Super. 78, 18 A.2d 455; 2 Restatement, Torts 1934, § 286.

■ Here, the defendant's driver, according to the evidence, and inferences therefrom favorable to the plaintiff, breached the statutory duty owed to the plaintiff by (1) increasing his speed and (2) not keeping his vehicle to the right side of the road, when the plaintiff sought to pass after having given the required signal. A jury could well find, if it believed the plaintiff's testimony, that the failure to observe the statutory standard of care was the legal cause of the collision. Furthermore, even apart from the statute, there is sufficient evidence for a jury to find that the conduct of defendant's driver was negligent with respect to the plaintiff. If the plaintiff's story is accepted, the inference that the truck veered from the right to the left and struck the plaintiff's car is entirely reasonable as is the conclusion that the driver was negligent in doing so.

■■ The defendants have argued that all the plaintiff showed was the mere occurrence of an accident, and point to the undisputed rule that this alone does not afford proof of negligence.[2] Therefore, it is contended, the plaintiff is bound by the testimony of her other witness who testified that it was the plaintiff who turned from the left lane into the right and thus caused the collision. The plaintiff of course had the burden of proving negligence by the defendant. The Pennsylvania rule is that a plaintiff's case is entitled to go to the jury if his testimony makes out a case sufficient to sustain a verdict in his favor, although the plaintiff introduces further evidence, through another witness, which is conflicting on the issue of defendant's negligence. Lewis v. Pittsburgh Railways Company, 1938, 132 Pa.Super. 394, 200 A. 704; Todd v. Philadelphia & Reading Railway Company, 1902, 201 Pa. 558, 51 A. 332. There is uncontradicted evidence that defendant's truck and plaintiff's automobile collided and that the point of collision was the right rear of the automobile and the front left of the truck. If plaintiff's testimony is believed, it shows much more than the happening of an accident. It "describes, pictures, or visualizes"[3] quite clearly the events which took place and in the process affords ample basis for a finding of negligence on the part of the defendant's driver.[4] It was for the jury to decide whether it would accept plaintiff's version of the events or that of her witness, the occupant of the truck.

■ There remains the question of whether plaintiff was contributorily negligent and is therefore barred from recovery. The burden of proving contributory negligence was on the defendants. It is urged that plaintiff, in attempting to overtake a truck which she noticed was not being properly driven and which was bearing slightly to the left at the time she started overtaking, has herself shown that she was contributorily negligent. We do not think this conduct amounts to contributory negligence as a matter of law. Even though these facts appear from plaintiff's own testimony, any question of her contributory negligence under the circumstances was for the jury. Cf. Kessler v. Philadelphia R. T. Co., 1932, 107 Pa.Super. 143, 163 A. 393.

---

[1] 75 P.S. § 544.

[2] The defendants cite: Wenhold v. O'Dea, 1940, 338 Pa. 33, 12 A.2d 115; Martin v. Marateck, 1942, 345 Pa. 103, 27 A.2d 42.

[3] See the language used by the court in Martin v. Marateck, supra, 345 Pa. at page 106, 27 A.2d at page 44.

[4] See Felo v. Kroger Grocery & Baking Company, 1943, 347 Pa. 142, 31 A.2d 552, where conduct by a driver being overtaken, comparable to the conduct by defendant's driver, in this case, supported recovery by an on-coming motorist injured by collision with the overtaking vehicle.

The judgment of the District Court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

JONES, Circuit Judge (dissenting).

The crucial question in this case is whether the evidence produced by the plaintiff was sufficient to warrant a jury's finding negligence on the part of the defendant which was the proximate cause of the plaintiff's injury. It does not seem to me that there is anything in the plaintiff's own testimony that rises to the dignity of evidence as to how the accident happened. It discloses that an accident did happen and contains a few vague circumstantial statements which, at most, supply no more than a guess that the defendant's driver negligently steered his truck out of its proper place on the highway and into the plaintiff's car, while the only direct evidence in the plaintiff's case as to how the accident happened establishes her as the one whose negligence was the cause of it. In those circumstances I am unable to say that the trial judge erred in directing a verdict for the defendant at the close of the plaintiff's case. I should therefore affirm the judgment of the District Court.