Opinion by
 

 Ross, J.,
 

 This is an action in trespass by a husband and wife to recover damages for injuries sustained by the wife as a result of a fall on defendant’s sidewalk. The jury returned a verdict for the plaintiffs, the court below entered judgment n. o. v. for the defendant and plaintiffs took this appeal.
 

 The accident happened about noon on August 21, 1946, a bright, clear day. The wife, hereafter referred to as the plaintiff, was walking along the main street in Homestead on the sidewalk in front of the defendant’s store. She observed a short distance ahead of her a stepladder placed near the store window and a boy, defendant’s employee, ascending it. She continued along the sidewalk and as she reached a point opposite the stepladder and about two feet from its left, her “foot went out and I fell . . . my right foot slipped,” and she incurred the injuries which are the basis of this
 
 *410
 
 action. The boy on the ladder was washing the defendant’s window and in so doing was carrying a brush which he had dipped in a bucket of water at the foot of the ladder. The defendant’s witnesses testified that it was clear water, directly from the spigot, with no soap or other cleaning agent in it. The jury, of course, was not required to accept this testimony but there is no evidence in the record to support a finding that there was any foreign substance in the water. After remaining on the sidewalk for four or five minutes, the plaintiff, who weighed 200 pounds, was helped to her feet. She then discovered that there was water under her which, according to her testimony, was coming from the window in two streams about two inches wide and five or six inches apart, “there was water that run down from the windows that they was washing. . . . This water . . . was coming down the window and on to the sidewalk. That’s where it was when I got up. There was water under me.”
 

 The question involved in the case is whether there is any evidence to support the jury’s finding that the plaintiff’s injuries resulted from negligence on the part of the defendant.
 

 The burden of proving facts legally sufficient to support a finding of negligence is upon the one asserting consequent liability.
 
 Neff v. Firth,
 
 354 Pa. 308, 47 A. 2d 193. Proving that an accident happened, or the existence of an opportunity for it to happen is entirely insufficient to establish negligence.
 
 Stern v. Reading,
 
 255 Pa. 96, 99 A. 367;
 
 Schleback v. Boat Trades Assn.,
 
 158 Pa. Superior Ct. 362, 45 A. 2d 410. Proof of injury alone or of negligence of a defendant without proof that the negligence caused the injury cannot establish liability
 
 (Burns v. City of Pittsburgh,
 
 320 Pa. 92, 181 A. 487), and cases involving injury on sidewalks are no exceptions.
 
 Silberman, Admr., v. Dubin,
 
 155 Pa. Superior Ct. 3, 36 A. 2d 854.
 

 
 *411
 
 The duty of the defendant was merely to maintain its sidewalk in a condition of reasonable safety, not to insure pedestrians traversing it against any and all accidents.
 
 Harrison v. Pittsburgh,
 
 353 Pa. 22, 44 A. 2d 273. Even if we assume—and it would be a violent assumption—that the defendant was negligent in permitting two streams of water, two inches wide and six inches apart, to flow temporarily from a window being washed, across a concrete sidewalk on a hot summer day, that negligence would not fix liability upon the defendant unless it caused the plaintiff’s injuries.
 

 Negligence is not a ground of recovery unless a causative factor of the accident.
 
 Harrison v. Pittsburgh,
 
 supra. “. . . there must be a description of the facts and circumstances sufficient to justify a reasonable conclusion that the defendant was negligent and thereby caused the accident.”
 
 Stauffer, Admr., v. Railway Express Agency, Inc.,
 
 355 Pa. 24, 25, 47 A. 2d 817. “In addition to establishing the fact of [the] accident, it was incumbent upon [the plaintiff] so to describe, picture or visualize what actually happened at the time of the accident as to enable one fixed with the responsibility for ascertaining the facts to find .that the [defendant] was negligent and that his negligence was the proximate cause of the accident.”
 
 Martin v. Marateck,
 
 345 Pa. 103, 106, 27 A. 2d 42.
 

 According to the testimony of the plaintiff and her witnesses, there was no water on the sidewalk at the place
 
 where
 
 the plaintiff fell
 
 when
 
 she fell. The plaintiff testified positively and unequivocally that there was no water on the sidewalk before she fell. In response to the question “You feel sure that water was not there before you had fallen?” she answered, “No, sir; that water was not there;” and in response to the question “It was not until you had gotten up with the help of Mrs. Piskor that the water was evident there?” she answered, “That’s right.” A witness for the plaintiff,
 
 *412
 
 a Mrs. Laczynski, an eyewitness, testified as follows: “Q. Were you looking at the sidewalks? A. Yes. It was a nice warm day and I seen no water there. Q. Was it after she had been picked up that you first noticed the water? A. Yes, sir. Q. You didn’t see any water there until after she had been picked up to her feet? A. No, sir. Q. If there had been any water there before that time you would have seen it, would you have not? A. Yes, sir, I would have seen it because I was standing there talking.” Another witness for the plaintiff, Mrs. Piskor, testified: “Q. Did you see any water on that sidewalk before she fell? A. No, sir. . . . Q. You didn’t see any water there until you picked her up? A. Until I picked her up, yes, sir. Q. Was there any water there before you picked her up? A. No, sir.”
 

 Clearly in the light of this testimony, a finding of the jury that the plaintiff fell on the water coming from defendant’s store window was mere guesswork; in fact, directly contrary to the evidence adduced by the plaintiff. A verdict based upon pure speculation and conjecture cannot be sustained.
 
 Martin v. Marateck.
 
 345 Pa. 103, 27 A. 2d 42, supra;
 
 Stauffer, Admr., v. Railway Express Agency, Inc.,
 
 355 Pa. 24, 47 A. 2d 817, supra.
 

 From a careful reading of the record in this case and viewing the evidence most favorably to the plaintiffs and giving them the benefit of every favorable inference reasonably deducible therefrom, as we are required to do
 
 (Phillips v. Philadelphia Transportation Co.,
 
 358 Pa. 265, 56 A. 2d 225), it is our opinion that there was no negligence shown on the part of the defendant which was the proximate cause of the plaintiff’s accident. Cf.
 
 Koch v. White Haven Borough,
 
 360 Pa. 627, 63 A. 2d 1.
 

 Judgment affirmed.